AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original    ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT
1/16/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: ___RYO___ DEPTUY

# UNITED STATES DISTRICT COURT

for the

Central District of California

**FILED**
CLERK, U.S. DISTRICT COURT
January 16, 2026
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CLD___ DEPUTY

United States of America,

v.

JOSE ROBERTO RAMIREZ CASTRO,

Defendant.

Case No.    2:26-mj-00250-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, Vanessa Ortega, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of October 7, 2025, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Removal |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____
*/s/ Vanessa Ortega*
*Complainant's signature*

Vanessa Ortega, Deportation Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:    January 16, 2026

_____
*Judge's signature*

City and state:    Los Angeles, California

Hon. Alka Sagar, U.S. Magistrate Judge
*Printed name and title*

## <u>AFFIDAVIT</u>

I, Vanessa Ortega, being duly sworn, declare and state as
follows:

## I. <u>PURPOSE OF AFFIDAVIT</u>

1.    This affidavit is made in support of a criminal
complaint against and arrest warrant for Jose Roberto Ramirez
Castro ("defendant"), charging him with violating Title 8,
United States Code, Section 1326(a), Illegal Alien Found in the
United States Following Removal.

2.    The facts set forth in this affidavit are based upon
my personal observations, my training and experience, and
information obtained from various law enforcement personnel and
witnesses.  This affidavit is intended to show that there is
sufficient probable cause for the requested complaint and
warrant and does not purport to set forth all my knowledge of or
investigation into this matter.  Unless specifically indicated
otherwise, all conversations and statements described in this
affidavit are related in substance and in part only.

## II. <u>BACKGROUND OF DEPORTATION OFFICER VANESSA ORTEGA</u>

3.    I am a Deportation Officer ("DO") with the United
States Department of Homeland Security ("DHS"), Immigration and
Customs Enforcement ("ICE").  I have been a DO with ICE since
February 2020.  I am currently assigned to the Los Angeles
Enforcement and Removal Operations ("ERO") field office.  While
employed at ERO, I have training and experience reviewing
immigrations files, deportation and removal proceeding

documents, and executed final orders of removal, among other immigration related documents, process, and proceedings.

### III. TRAINING AND EXPERIENCE REGARDING FINGERPRINTS AND DHS DATABASES

4. Based on my training and experience, I know the following:

a. Every person has a unique set of fingerprints. I also know that unique identification numbers – including, but not limited to, Fingerprint Identification Number System ("FINS") numbers and Federal Bureau of Investigations ("FBI") numbers – can be assigned to a person's fingerprints, thereby distinguishing that person's fingerprints in law enforcement databases from another person's fingerprints. In many cases, DHS and other government agencies utilize FINS and FBI numbers to associate unique fingerprint records and information to a specific individual.

b. Moreover, when a person is fingerprinted by DHS agencies, such as ICE, those unique fingerprint identifiers are associated with an individual's unique alien number ("A-number") and alien file ("A-file"). An A-file typically contains official documentation regarding a person's deportation or removal history as well as alienage. That A-file is maintained in DHS custody, and documents and information from that A-file are uploaded to official DHS databases that can be accessed to determine, among other things, whether a person has been removed or deported from the United States, whether that person is a foreign national, and whether that person has been lawfully

admitted into the United States, pursuant to, for example, a non-immigrant visa.

5.    Generally, after an arrest for a criminal offense, a person's biometric fingerprint information is obtained and enrolled into a nationwide repository for criminal history records as part of a normal booking process.  That information is then associated with a unique identification number for the person's fingerprints, typically the FBI number, which is searchable within various law enforcement indices and comparable with other government records, including those belonging to DHS and those associated with an A-file and A-number.  A match between fingerprint identifiers can therefore be used to confirm the identity of a person associated with specific records, including immigration records indicating whether that person is amenable to immigration enforcement action.

## IV. <u>STATEMENT OF PROBABLE CAUSE</u>

6.    On or about October 7, 2025, the ICE Pacific Enforcement Response Center ("PERC") – an ICE center responsible for vetting and researching the arrests of suspected foreign nationals – received an electronic notification based on defendant's biometric fingerprint information that he was arrested by the California Sheriff's Department ("LASD"), within the Central District of California, for Sodomy of a Victim Under 10 Years Old in violation of California Penal Code section 288.7(a), a felony.  Defendant is not currently in custody with LASD.

7.    I compared a unique fingerprint identifier from the arrest referenced above against those contained in the immigration and removal records retained for defendant in DHS indices.  I have determined that these unique fingerprint identifiers are the same and therefore believe that both sets of records reference defendant, a previously removed alien.

8.    On or about January 15, 2026, I conferred with other law enforcement officers, including DHS personnel, and reviewed records associated to defendant's unique fingerprint identifier that are contained in DHS indices.  I learned the following about defendant's immigration history:

a.    Defendant is a citizen and national of Honduras.

b.    On or about March 22, 1991, defendant was ordered removed by an immigration judge to Honduras.

c.    On or about January 17, 2007, defendant was physically removed from the United States to Honduras.

d.    There is no record of any application nor permission from the Secretary of Homeland Security or the U.S. Attorney General to re-enter the United States since defendant's most recent removal.  Based upon my training and experience, as well as the training and experience of other law enforcement personnel involved in this investigation, I know that a record reflecting such application or permission would ordinarily be found within the DHS indices I reviewed.

e.    I reviewed photographs of defendant that were retained in DHS indices from defendant's immigration records.  I also reviewed photographs taken of defendant following their

arrest for which the PERC received notification as referenced above.  Based on those reviews, I established a belief that the photographs are of the same person.

### V.  <u>CONCLUSION</u>

9.    For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.


Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 16th day of January 2026.


_____
HONORABLE ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE